1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JENNIFER MARY RIDDLE,                    Case No.  1:23-cv-00865-KJM-JDP (SS)

12            Plaintiff,                       **FINDINGS AND RECOMMENDATIONS**

13        v.                                   THAT PLAINTIFF'S MOTION FOR
                                               SUMMARY JUDGMENT BE GRANTED
14   MARTIN O'MALLEY, Commissioner of          AND THE COMMISSIONER'S CROSS-
     Social Security                           MOTION FOR SUMMARY JUDGMENT BE
15                                             DENIED
             Defendant.
16                                             ECF Nos. 13 & 16

17                                             OBJECTIONS DUE WITHIN FOURTEEN
                                               DAYS
18

19        Plaintiff, who suffers from carpal and cubital tunnel syndrome, obesity, and varicose veins,

20   challenges the final decision of the Commissioner of Social Security ("Commissioner") denying

21   her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental

22   security income ("SSI") under Titles II and XVI of the Social Security Act.  Both parties have

23   moved for summary judgment.[1]  ECF Nos. 13 & 16.  For the reasons discussed below, I

24   recommend that plaintiff's motion be granted, the Commissioner's be denied, and the matter be

25   remanded for further proceedings.

26

27        [1] The Commissioner filed a pleading styled as a responsive brief to plaintiff's summary
     judgment motion, ECF No. 16, which I construe as defendant's cross-motion for summary
28   judgment.

                                          1

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

In 2021, plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability beginning December 21, 2016. Administrative Record ("AR") 314-43. After her applications were denied initially and upon reconsideration, a hearing was held before an

1    Administrative Law Judge ("ALJ").  AR 30-58, 109-82.  On April 14, 2022, the ALJ issued a

2    decision finding that plaintiff was not disabled.  AR 12-28.  Specifically, the ALJ found:

3
        1.  The claimant meets the insured status requirements of the Social
4           Security Act through December 31, 2021.

5       2.  The claimant has not engaged in substantial gainful activity since
            December 1, 2016, the alleged onset date.
6

7       3.  The claimant has the following severe impairments: Carpal and
            Cubital Tunnel Syndrome, status post bilateral release; Obesity;
8           and Varicose Veins.

9           * * *

10      4.  The claimant does not have an impairment or combination of
            impairments that meets or medically equals the severity of one of
11          the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

12          * * *

13
        5.  After careful consideration of the entire record, I find that the
14          claimant has the residual functional capacity to perform light work
            as defined in 20 CFR 404.1567(b) and 416.967(b) except she can
15          lift and/or carry 20 pounds occasionally and 10 pounds frequently;
            can stand and/or walk 6 hours; sit 6 hours; occasionally climb
16          ramps and stairs; occasionally balance, stoop, kneel, crouch, and
            crawl; never climb ladders, ropes, or scaffolds; can frequently
17          handle, fine-finger, and feel bilaterally; should avoid hazards
            (moving dangerous machinery, unprotected heights, etc.); and must
18          have ready access to a restroom.

19
            * * *
20

21      6.  The claimant is capable of performing past relevant work as an
            Office Clerk (DOT# 203.362-010) and in a composite job
22          composed of a Dispatcher (DOT# 913.367-010) and Cashier
            (DOT# 211.462-010).  This work does not require the performance
23          of work-related activities precluded by the claimant's residual
            functional capacity.
24

25          * * *

26
        7.  The claimant has not been under a disability, as defined in the
27          Social Security Act, from February 11, 2020, through the date of
            this decision.
28

                                           3

1

2   AR 18-23 (citations to the code of regulations omitted).

3          Plaintiff requested review by the Appeals Council, which was denied.  AR 1-6, 311-13.

4   She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

5                                             **Analysis**

6          Plaintiff challenges the Commissioner's denial by arguing that the ALJ: (1) erroneously

7   adopted the residual functional capacity from a prior adverse decision despite evidence of

8   changed circumstances; (2) improperly discounted plaintiff's allegations of upper extremity

9   dysfunction; (3) failed to properly consider a medical opinion; and (4) erred in evaluating

10  plaintiff's mental impairment.  ECF No. 13 at 5.

11         The court first considers plaintiff's claim challenging the ALJ's adoption of the RFC from

12  a previous disability denial.  Under *Chavez v. Bowen*, a prior determination that a claimant is not

13  disabled creates a presumption that his or her ability to work continues after that determination.

14  *See* 844 F.2d 691, 693 (9th Cir. 1988).  However, a plaintiff can rebut that presumption by

15  showing that there are "changed circumstances."  *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir.

16  1995), *superseded on other grounds by* 20 C.F.R. parts 404 & 416, (quoting *Taylor v. Heckler*,

17  765 F.2d 872, 875 (9th Cir. 1985)).  Changed circumstances can include an increase in the severity

18  of an impairment, a change in the claimant's age category, or the alleged existence of an

19  impairment not previously considered.  Acquiescence Ruling 97-4(9), 1997 WL 742758, at *3

20  (S.S.A. Dec. 3, 1997); *see Lester*, 81 F.3d at 827.  An ALJ's improper reliance on the *Chavez*

21  presumption is legal error warranting remand.  *See Vasquez v. Astrue*, 572 F.3d 586, 598 (9th Cir.

22  2009).

23         In plaintiff's case, the ALJ noted that plaintiff had filed earlier applications for SSI and

24  disability insurance benefits, and that a different ALJ issued an unfavorable decision on September

25  30, 2020.[2]  AR 15.  When considering the res judicata effect of the prior denial, the ALJ found that

26  plaintiff had failed to rebut the presumption of continued non-disability because "[t]he record does

27  not support the existence of new, material evidence that would suggest greater limitation or

28  _____
          [2] Plaintiff did not seek review of the prior disability denial.

4

1    impairment compared to the previous, administratively final decision."  AR 16.

2         The record shows that in the prior proceeding, the ALJ determined that plaintiff's bilateral

3    carpal tunnel syndrome was not disabling based on several factors: an electromyography and nerve

4    conduction study (EMG/NCS) on March 6, 2019, indicated findings consistent with bilateral

5    carpal tunnel syndrome, but plaintiff never followed up on a referral for surgery; a consultative

6    physical examination in March 2020 yielded no clinical evidence of bilateral carpal tunnel

7    syndrome; plaintiff generally received routine and conservative treatment to alleviate her

8    symptoms; and plaintiff was able both to perform activities of daily living and to care for her

9    daughter.  AR 98-101.  After considering plaintiff's impairments and symptoms, the ALJ

10   formulated an RFC of light work with the following limitations:

11
            lift and/or carry 20 pounds occasionally and 10 pounds frequently;
            can stand and/or walk 6 hours; sit 6 hours; occasionally climb ramps
12          and stairs; occasionally balance, stoop, kneel, crouch, and crawl;
            never climb ladders, ropes, or scaffolds; can frequently handle, fine-
13          finger, and feel bilaterally; should avoid hazards (moving dangerous
            machinery, unprotected heights, etc.); and must have ready access to
14          a restroom.

15   AR 95.[3]

16        In the present decision, the ALJ, applying *Chavez*, adopted the prior RFC in its entirety.

17   AR 15-16, 19-20.  In finding no evidence of changed circumstances with respect to carpal and

18   cubital tunnel syndrome, the ALJ cited records indicating that plaintiff, after undergoing surgical

19   release on her left hand in November 2020, "experienced satisfactory improvement post-surgery."

20   AR 21.  The ALJ also noted that after plaintiff had surgery on her right hand in August 2021, she

21   "experienced excellent relief and symptom improvement following this procedure with a dramatic

22   decrease in symptoms of paresthesia in the hands."  *Id.*

23        Plaintiff asserts that, contrary to the ALJ's conclusion, the evidence of record demonstrates

24   that her carpal and cubital tunnel syndrome worsened after the date of the prior decision, citing her

25   subsequent "aggressive and invasive" treatment involving injections and then surgeries in

26   November 2020 and August 2021.  ECF No. 13 at 7.  As argued by plaintiff, "[t]hese procedures

27   _____

28        [3] "Light work" involves "lifting no more than 20 pounds at a time with frequent lifting or
     carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

aligned with [her] testimony regarding upper extremity limitations and contradicted the ALJ's

conclusion that her symptoms were so minimal as to permit frequent handling, fingering, and

feeling." *Id.*  Plaintiff further asserts that the current record, which includes medical findings

confirming the presence of carpal tunnel syndrome and decreased sensation in her upper

extremities, rebuts "the foundation for the prior ALJ's determination that [she] could frequently

use her upper extremities during an 8-hour workday despite her bilateral carpel tunnel syndrome."

*Id.*

On the other hand, the Commissioner argues that the fact that plaintiff underwent the first

surgery in November 2020, shortly after the previous ALJ's decision, "does not necessarily show

changed circumstances."  ECF No. 16 at 8.  Aside from surgeries, the Commissioner asserts, the

record includes few treatment notes for carpal tunnel symptoms; the Commissioner points out that

both state agency physicians who examined the record at the initial and reconsideration levels

found no changed circumstances.  *Id.* (citing AR 677, 120-23, 157-60).

Following a review of the record, the court finds that the ALJ's determination of no

changed circumstances is not supported by substantial evidence.  The ALJ correctly observed that,

at a follow-up appointment on September 30, 2021, less than two months following the carpal and

cubital tunnel release surgery on August 3, 2021, the surgeon found that plaintiff's symptoms had

"dramatically decreased compared to preoperative."  AR 627-28, 676-77.  The surgeon noted,

however, that plaintiff was still experiencing off-and-on paresthesia in the hand despite surgery.

And while the surgeon released plaintiff to "full unrestricted activity," AR 677, such an

"optimistic evaluation" soon after surgery and while a patient's activity was restricted during

recovery, "is not necessarily inconsistent with ongoing, long-term symptoms of carpal tunnel

syndrome."  *See Pumroy v. O'Malley*, 2024 WL 3219708, at *1 (9th Cir. June 28, 2024) (not

reported in Fed. Rptr.).  This is especially so considering that plaintiff's medical notes indicated

that carpal tunnel surgery "will help with hand tingling, [but] not all . . . arm and body symptoms."

AR 687.

The court also observes that in December 2021 plaintiff completed post-surgery

occupational therapy.  The treatment summary—which the ALJ did not discuss—indicates that

6

1    plaintiff's progress was "poor" and that her right-hand grip strength did not improve with therapy.[4]

2    AR 675.  A note from plaintiff's treating doctor, Thomas Wenstrup, M.D., reflects that plaintiff

3    continued to complain of carpal tunnel symptoms in January 2022.  AR 699-700.  Additionally, it

4    appears that plaintiff has continuously been prescribed duloxetine to treat carpal tunnel symptoms.

5    *See, e.g.*, RT 687-88 (May 2019 prescription), 707-08 (January 2022 prescription).

6        The ALJ further observed that plaintiff lives with her mother and shares responsibilities for

7    shopping and other errands, and that plaintiff helps with household chores and is able to care for

8    her 9-year-old daughter.  AR 20.  The hearing transcript, however, reflects that when discussing

9    household chores, plaintiff testified that her daughter helps her "with a lot of things" but did not

10   specify any household tasks that plaintiff performs on her own.  AR 40.  Plaintiff also testified that

11   she handles school drop-offs and pick-ups, but she did not describe any other parenting activities

12   that she performs.  AR 40-41.  Accordingly, to the extent that the ALJ relied on plaintiff's ability

13   to carry out household chores and care for her daughter as reasons to find that there were no

14   changed circumstances, such reasons are not substantiated by the hearing testimony.

15       As a whole, the recent medical evidence discussed above reflects that plaintiff did not

16   experience "excellent relief and symptom improvement" as the ALJ described, but instead

17   continued to suffer from carpal tunnel complications, including weakened grip strength and

18   paresthesia.  Thus, contrary to the ALJ's conclusion, the evidence demonstrates "changed

19   circumstances" with respect to plaintiff's carpal and cubital tunnel syndrome.  Because these

20   changed circumstances may impact the RFC with respect to plaintiff's ability to "frequently

21   handle, fine-finger, and feel bilaterally," this case should be remanded to allow proper

22   consideration of the evidence of record.  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015)

23   ("A district court may reverse the decision of the Commissioner of Social Security, with or

24   without remanding the case for a rehearing, but the proper course, except in rare circumstances, is

25   to remand to the agency for additional investigation or explanation.") (internal quotes and citations

26   omitted).

27

28       [4] The occupational therapy summary reflects that an additional treatment goal was not
     attained, but I am not able to decipher the handwriting describing this deficiency.  *See* AR 675.

7

1      Accordingly, it is hereby RECOMMENDED that:

2          1.      Plaintiff's motion for summary judgment, ECF No. 13, be granted.

3          2.      The Commissioner's cross-motion for summary judgment, ECF No. 16, be denied.

4          3.      The matter be remanded for further proceedings.

5          4.      The Clerk of Court be directed to enter judgment in plaintiff's favor.

6      These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

8  service of these findings and recommendations, any party may file written objections with the

9  court and serve a copy on all parties.  Any such document should be captioned "Objections to

10  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

11  within fourteen days of service of the objections.  The parties are advised that failure to file

12  objections within the specified time may waive the right to appeal the District Court's order.  *See*

13  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

14  1991).

15  IT IS SO ORDERED.

16

17  Dated:    __August 14, 2024__                    _____

18                                                   JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

8